CARLOS SABATER GARCÍA, Plaintiff and Appellee, *v*. THE UNION CENTRAL LIFE INSURANCE COMPANY, Defendant and Appellant.

No. 5802. Argued January 18, 1933.—Decided April 6, 1933.

844

*Manuel F. Rossy, Artemio P. Rodríguez* and *Adrián Agosto* for appellant. *José Sabater* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This case deals with the nullity of a foreclosure proceeding. The complaint sets up, in brief, that in June, 1926, the defendant, The Union Central Life Insurance Company, filed in the District Court of Mayagüez a "motion for a demand for payment" alleging that the plaintiff, Carlos Sabater, and his wife had executed a mortgage in its favor on a certain rural property, for $10,000 principal, $13,491.80 interest, and $500 costs, divided into twenty annual promissory notes for $1,174.59 each, the first one falling due in November, 1921; that the debtor had not paid any of the installments, for which reason the debt was alleged to be due, and the amount of the installments and the interest were specified, the allegation closing with the following "Summary: Principal $14,666.11, Interest $7,996.25, Costs and Attorney's Fees $500," showing that $23,162.36 was the amount due; that in accordance with said motion, on June 2, 1926, the court issued an order providing that a demand for payment be served on the debtor, which was done by the marshal fourteen days later; that on September 26, 1926, The Union Central Life Insurance Company filed a motion, which was not served on the debtor and of which he had no knowledge, stating that a mistake had been made in the petition and order requiring payment, with respect to the addition of the amounts of interest, for which reason it was presenting a corrected statement amounting to $18,355.21, and requesting that the mortgaged property be sold at public auction for the payment of the debt as shown

in the last statement; that on October 15, 1926, the court ordered the sale of the property according to the last statement; and that on November 15, 1926, the marshal proceeded to sell the mortgaged property, and on the same day the defendant, without serving notice on the plaintiff or his wife, and without their knowledge, requested the court to issue an additional order amending the order of sale to correct the amounts which should be finally paid, changing the total due from $18,855.21 to $19,054.96, and providing that the sale be held for the latter amount. The plaintiff insists on the differences above noted, and finally alleges that, in accord-ance with the mortgage deed, the amount truly owed was the principal amount of the loan, $10,000, plus interest on this sum at 10 per cent per annum for six years, or, $6,000, and the amount of the taxes unpaid which is not specified. The complaint closes with the prayer for a decree holding the foreclosure proceeding to be null and void, with costs to the plaintiff.

The defendant's answer covers five typewritten pages. It is long and confused. It admits the corrections, explains them, and maintains that everything was done openly, and in the end the plaintiff was required to pay only what he in fact owed.

The case went to trial, and on February 25, 1931, the court rendered judgment against the defendant. The conclusions of law on which its judgment was based were:

"*First:* Since the complaint in the foreclosure proceeding alleged that the debtor had not paid any of the installments, and since the proceeding was brought for failure to pay the first installments due, there is no doubt that the foreclosing mortgagee made an error in collecting its credit, which rendered the entire proceeding null, for the reason that, if the total amount of the loan including interest accumulated for a term of 20 years is, according to the mortgage deed, $23,491.80, and if only five years' interest was claimed as a result of the failure to pay, it is not possible for the amount claimed to reach $23,162.36, which is almost equal to the entire amount of the loan with interest accumulated for twenty years. For the very

reason that the total amount of $23,491.80, which was involved, included the principal and interest accumulated for 20 years at 10% per annum, the foreclosing mortgagee should really have broken down the loan transaction and included interest for the time elapsed only, which was the interest actually due, and had it done so, the amount claimed would never have exceeded $15,000, covering principal and interest accumulated for five years, to which sum there should have been added the amount of taxes on the mortgaged property paid by the foreclosing creditor corporation.

"*Second:* The foreclosing mortgagee having caused a demand to be served on the debtor for the payment of an amount almost equal to the entire loan, including interest accumulated for 20 years, that is, for $23,162.36, and having later caused the auction to be advertised for a smaller amount, to wit, $18,855.21, and later, on the very day of the auction, having corrected this amount and bought in the mortgaged property for an amount larger than that announced in the notices of sale, and smaller than that set out in the demand for payment, that is, for $19,054.96, there is no doubt whatever that the procedure fixed by law was not followed, the sum of $500 covering costs and the fees of the attorney for the foreclosing corporation having also been included in the amount for which the property was bought in, without previous assessment of the costs really incurred, or of the fees which were properly payable to the attorney for the foreclosing mortgagee."

The defendant appealed.

An examination of the judgment roll and of the statement of the case shows that the mortgage to which the complaint refers was in fact executed, the plaintiff acknowledging himself to be indebted to the defendant for the sum of $10,000 which he promised to pay with interest, computed and agreed at $13,491.80, in twenty annual installments. Accordingly twenty promissory notes were executed, for $1,174.59 each, totalling the principal and interest above indicated, that is, the sum of $23,491.80.

The contracting parties stipulated that in the event of nonpayment of a note at maturity, the entire debt would be considered due, with interest at 12 per cent per annum from the date of maturity of each note. It was also agreed that

the company would pay the taxes in case the debtor should fail to do so, and obtain reimbursement for them with interest at 12 per cent per annum. The sum of $500 was fixed for costs in the event of foreclosure.

Five notes had fallen due when the summary foreclosure proceeding authorized by the Mortgage Law was brought. Each of these notes was set out in detail in the complaint, and their amounts added, totalling $5,732, since only $1,033.64 was claimed on the first note. To this amount was added that of $8,934.11, as the balance of the principal, and the following result was obtained: $14,666.11. Then the interest accrued on each of the notes due, and on the rest of the principal, was specified as follows:

"INTEREST

"On the first note from November 1, 1921 to April 1, 1926 ___ $547. 84

"On the second note from November 1, 1922 to April 1, 1926 ___ 481. 58

"On the third note from November 1, 1923 to April 1, 1926 ___ 340. 63

"On the fourth note from November 1, 1924 to April 1, 1926 ___ 199. 68

"On the fifth note from November 1, 1925 to April 1, 1926 ___ 58. 73

"10 per cent on the balance of the principal $8,934.11, from November 1, 1925 to April 1, 1926 ___ 372. 25

"Total ___ $7, 732. 71."

The sum which appears above was included in the summary to which we referred when abstracting the complaint, and a total of $23,162.36 was obtained, for the payment of which demand was served on the debtor who has now brought this nullity suit.

A revision of the total of the interest items suffices to show that it is not $7,732.71 but $2,000.71. Having noticed the

error, the foreclosing mortgagee asked that it be corrected as follows:

| | |
|---|---:|
| "Balance of principal due | $8, 934. 11 |
| "Notes due from 1921 to 1925 | 5, 732. 00 |
| "Redemption and taxes | 863. 30 |
| "Total principal | $15, 529. 41 |
| "Interest on the balance of the principal, on the five notes, and on the taxes and redemption of the property | 2, 825. 80 |
| "Total | $18, 355. 21 |
| "And costs and fees | 500. 00 |
| "Grand Total | $18, 855. 21." |

It will be seen that an item of $863.30 is added for redemption and taxes, and that interest on this sum is included in the item covering interest on the five notes due and on the balance of the principal. The documents relating to the redemption of the property and the payment of the taxes were filed with the motion. The total amounts to $18,855.21, instead of the $23,162.36 set out in the demand for payment.

The motion requesting the correction was not served on the mortgage debtor, and was granted.

Notices were published announcing the sale of the mortgaged property at public auction, in which the sum claimed, as corrected, was specified.

On the very day of the sale, another correction was made on motion of the foreclosing mortgagee which was not served on the debtor, as follows:

| | |
|---|---:|
| "Principal | $8, 652. 93 |
| "Taxes | 863. 30 |
| "Interest to date of sale, November 15, 1926 | 9, 038. 73 |
| "Costs and fees | 500. 00 |
| "Total | $19, 054. 96." |

Do these corrections, made in the manner set forth, render the mortgage foreclosure proceeding in this case void?

The inclusion of the item of $500 for costs and fees "without previous assessment of the costs really incurred" is no longer of importance since the decision of this Court in the case of *Arsuaga* v. *Corte,* 43 P.R.R.———— *, ratified in subsequent decisions.

Interest was collected in accordance with the terms of the contract. This was not as plaintiff indicates, to wit: six years, $6,000, or 10 per cent on the $10,000 loaned. Interest was computed and added to the principal, and it was agreed to pay everything in twenty years, twenty notes having been executed. It was agreed that interest should be paid on the face amount of each note, after maturity, at the rate of 12 per cent per annum.

As to the corrections, after a careful study of the facts, the law, and the cases, we are inclined to decide that they do not necessarily annul the proceeding.

The court acted with complete jurisdiction. The mortgage involved in the foreclosure proceedings was duly executed. The debt was due, according to the terms agreed upon. The demand for payment was made in the manner required by law. It is true that payment was demanded of a sum larger than that due, with respect to interest, but a simple revision of the total was sufficient to conclude that this was due to a mere arithmetical error. The plaintiff did not allege that he had offered payment of what he really owed within the term fixed in the demand for payment. He did nothing. He allowed the term to elapse, and the proceeding continued its course.

The error was noticed and corrected before the publication of the notices of sale. Should a new demand for payment have been made, particularly since the inclusion of the new items regarding redemption and payment of taxes, and interest thereon, was requested?

The caution and the clarity which should be observed in all judicial proceedings, and the opportunity to take appro-

---

* NOTE: See Preface of this volume. '

priate action which should always be afforded to the opposing party, suggest an affirmative answer to this question, but we feel that in the absence of any prejudice, the mere fact that no notice was given when the correction with respect to interest was apparent from the very facts alleged in the complaint, and the addition with respect to the collection of taxes with interest thereon, paid by the creditor because the debtor failed to do so, was not only based on the express terms of the contract and the law, but also substantiated by the documents attached to the motion, as appears from the statement of the case, is not a sufficient ground to annul the proceeding.

Nor can the second correction operate to annul it. It was unnecessary. It consisted in the inclusion of interest accrued up to the time of the sale. The amount due on October 15, 1926, when the order of sale was entered, was $18,855.21, and the amount for which the property was bought in by the creditor at the sale was $19,054.96, that is, a difference of $199.75, an amount equal to the interest accrued from October 15, 1926 to November 15 next, date of the sale.

No fundamental right of the debtor was violated. The parcel finally awarded in payment of $19,054.96 was valued at $12,640 for the purposes of payment of property taxes by its owner, and was appraised at $15,000 by both parties when executing the contract. No prejudice appears from the record. Aside from the corrections noted, the proceeding conformed to the law. A decree of nullity under such circumstances is not just, in our judgment.

Therefore, the judgment appealed from must be reversed, and another rendered instead for the defendant, without any special imposition of costs.

Mr. Justice Hutchison dissented.

MR. JUSTICE WOLF, concurring.

When a matter of taxes is concerned the debtor should be given an opportunity to pay them in the original demand.

The failure to do so, however, in my opinion did not annul the mortgage proceeding in this case. At the most, if no such taxes were due, the debtor might recover them, perhaps even against the purchaser. I do not think that the mortgage proceeding should be annulled for this relatively small defect and I agree with the Court that the error, if any, was harmless. As said in the majority opinion, the contract provided for the payment of taxes and their recovery in this case did not prejudice the debtor. In *Gutiérrez* v. *Longpré*, decided March 16, 1933, *ante*, p. 643, we were perhaps a little more doubtful of the effect of a failure to include the taxes in the original demand but here, as there, no prejudice arose.